UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Cause No.   4:01-cr-8-SEB-MGN |
| ) | 4:02-cr-5-SEB-MGN |
| ) | |
| AL JOSEPH BRADFORD, ) | |
| ) | |
| Defendant. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter is before the Court pursuant to an Order entered by the Honorable Sarah Evans Barker designating the undersigned Magistrate Judge to conduct a hearing on the Petitions for Summons or Warrant for Offender Under Supervision filed on July 16, 2013. Pursuant to that Order, the Court herein submits proposed Findings of Facts and Recommendations for disposition under Title 18 U.S.C. §§ 3401(i) and 3583(e). An Initial Hearing was held on August 2, 2013 and disposition proceedings were held on August 12, 2013, in accordance with Rule 32.1 of the *Federal Rules of Criminal Procedure*.[1]

The defendant, Al Joseph Bradford, appeared in person and with appointed counsel, Brian K. Darling. The United States appeared by AUSA Nicholas Surmacz for Steven D. DeBrota. U. S. Probation appeared by Brian L. Bowers, who participated in the proceedings.

The Court conducted the following procedures in accordance with Rule 32.1(b)(2), Fed. R. Crim. P. and Title 18 U.S.C. § 3583:

---

[1] All proceedings were recorded by suitable sound recording equipment unless otherwise noted. *See,* Title 18 U.S.C. § 3401(e).

1. On August 2, 2013, Brian K. Darling was present for the initial hearing and was appointed by the Court to represent Mr. Bradford regarding the pending Petition on Offender Under Supervision.

2. A copy of the Petition on Offender Under Supervision was provided to Mr. Bradford and his counsel who informed the Court that they had read and understood the specifications of each alleged violation and waived further reading thereof.

3. Mr. Bradford was advised of his right to a preliminary hearing and its purpose in regard to the alleged specified violations of his supervised release contained in the pending Petition.

4. Mr. Bradford was informed that he would have the right to question witnesses against him at the preliminary hearing unless the Court, for good cause shown, found that justice did not require the appearance of a witness or witnesses.

5. Mr. Bradford was advised he had the opportunity to appear at the preliminary hearing and present evidence on his own behalf.

6. Mr. Bradford was informed that, if the preliminary hearing resulted in a finding of probable cause that Mr. Bradford had violated an alleged condition or conditions of his supervised release set forth in the Petition, he would be held for a revocation hearing before the undersigned Magistrate Judge, in accordance with Judge Barker's designation.

7. At that time the defendant by counsel stated his readiness to waive the preliminary examination.  Mr. Bradford then waived, in writing, the preliminary hearing.

8. On August 12, 2013, Mr. Bradford appeared with CJA counsel for the Final Revocation Hearing.

9. The parties then advised the Court they had reached an agreement as to a recommended disposition which they wished to submit to the Court.

10. Mr. Bradford stipulated that he committed Violations 1-6, as set forth in the Petition for Warrant or Summons for an Offender Under Supervision, as quoted in full below:

| Violation Number | Nature of Non-compliance |
|---|---|
| 1 | *"The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer."* |
| 2 | *"The defendant shall notify the probation officer at least ten days prior to any change in residence or employment."* |
| 3 | *"The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer."* |

   In September 2011, the offender was found to be associating with a convicted felon and not providing the probation officer with his real address.

   In response, the Court ordered the offender to serve four months in a Residential Reentry Center (see Request for Modifying the Conditions or Term of Supervision dated October 19, 2011). This order was later modified to GPS monitoring due to the Bureau of Prisons identifying separatee designation issues with other inmates.

   On April 20, 2012, the offender advised he was relocating to his aunt's residence in Clarksville, Indiana. During a visit to the residence on May 9, 2012, this officer spoke with his aunt and inspected the room where the offender was reportedly residing. The room appeared uninhabited and there were few, if any, of the offender's belongings present. Later that day, this officer contacted the offender and he admitted residing in Louisville, Kentucky, with a girlfriend, Christie Cann, but could not provide the address.  It is noted this residence was not previously reported and Cann was determined to have multiple felony convictions.

| 4 | *"The defendant shall refrain from any unlawful use of a controlled substance."* |

   As previously reported to the Court, the offender tested positive for marijuana on

> February 19, 2013; March 12, 20, 25, 26, and 28, 2013; and April 2 and 10, 2013.
>
> On June 6, 2013, in light of the offender's drug use, the Court ordered him to serve up to six months in a Residential Reentry Center; however, he was arrested before this placement could be started.

| | |
|---|---|
| 5(a) | *"The defendant shall not commit another federal, state, or local crime."* |

> On June 21, 2013, the offender's ex-girlfriend reported he placed both hands around her neck and pushed her to the ground after a verbal altercation. Neighbors, who attempted to lend assistance, reported the offender left momentarily, but returned with a handgun. Other neighbors observed the offender puncture his ex-girlfriend's tire in the parking lot using a knife. Later that afternoon, the offender was interviewed by police officers and admitted flattening her tire (he was later arrested on June 29, 2013). The offender is in custody on charges of Domestic Battery (misdemeanor) and Criminal Mischief (misdemeanor) under Floyd County docket number 22C01-1306-CM-1244.

| | |
|---|---|
| 5(b) | *"The defendant shall not commit another federal, state, or local crime."* |

> On June 29, 2013, a police officer observed the offender operating a vehicle at a speed of 74 mph in a 35 mph zone in Jeffersonville, Indiana. A traffic stop was initiated and the police officer determined the offender was intoxicated. The offender submitted to a certified blood alcohol test, which recorded a blood alcohol concentration of .09%. It is noted there were three minors (ages 16, 12, and 10) traveling with the offender. Shortly after arriving at the Clark County, Indiana, Jail, he attempted to engage in a fist fight with a correctional officer and violently resisted detention, requiring five officers to subdue him. The offender is in custody on charges of Operating a Vehicle While Intoxicated (misdemeanor) and Neglect of a Dependant (felony) under Clark County docket number 10C013-1307-FD-1014.

| | |
|---|---|
| 6 | *"The defendant shall pay any restitution that is imposed by this judgment, and that remains unpaid at the commencement of the term of supervised release."* |

> On March 7, 2013, the offender was instructed to pay $25 per week toward his restitution. Since that time, he has paid only $19.00. He has not submitted a payment as instructed since April 26, 2013.

11. The Court placed Mr. Bradford under oath and inquired of him whether he admitted to the specifications alleged in the Petition on Offender Under Supervision, and Mr. Bradford admitted the violations contained in Violation

        Numbers 1 through 6.  The Court specifically inquired of Mr. Bradford whether he was making these admissions voluntarily and free from any duress, promises or undue influence.  The Court further advised Mr. Bradford that the Court was not bound by any particular plea agreement made between the United States and Defense Counsel.  All of which Mr. Bradford acknowledged in the affirmative

Counsel for the parties further stipulated to the following:

1. The most serious violation is a Grade B violation for committing a new offense, pursuant to U.S.S.G. § 7B1.1.

2. Mr. Bradford has a relevant criminal history category of I, U.S.S.G § 7B1.4(a) .

3. The advisory term of imprisonment upon revocation of Mr. Bradford's supervised release is 4-10 months.  *See*, U.S.S.G. § 7B1.4(a).

4. The appropriate disposition of the case would be: (a) that Mr. Bradford's supervised release should be revoked; (b) that Mr. Bradford should be sentenced to a term of imprisonment of eight (8) months, followed by a term of six (6) months of supervised release to be served at a Residential Re-Entry Center.

The Court, having heard the admission of the defendant, the stipulation of the parties and the arguments and discussions on behalf of each party, **NOW FINDS** that Al Joseph Bradford violated the above-delineated conditions of his supervised release as set forth in Violation Numbers 1 through 6 of the Petition.  Mr. Bradford=s supervised release is hereby **REVOKED,** and Mr. Bradford shall be committed to the Bureau of Prisons to serve a term of imprisonment of eight (8) months followed by six (6) months of supervised release to be served at a Residential Re-Entry Center.  The Court further recommends the Defendant be designated to the Terre Haute, Indiana, facility, for his term of imprisonment.

The Magistrate Judge requests that Brian Bowers, U.S. Probation Officer, prepare for submission to the Honorable Sarah Evans Barker, District Judge, as soon as practicable, a supervised release revocation judgment, in accordance with these findings of fact, conclusions of law and recommendation.

Counsel for the parties and Mr. Bradford stipulated in open court waiver of the objection to the Report and Recommendation of the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §636(b)(1)(B); Rule 72(b), *Federal Rules of Civil Procedure*, and S.D. Ind. L.R. 72.1 (d)(2), *Local Rules of the U.S. District Court for the Southern District of Indiana.*

Counsel for the parties and Mr. Bradford entered the above stipulation and waiver after being notified by the undersigned Magistrate Judge that the District Court may refuse to accept the stipulations and waivers and conduct a revocation hearing pursuant to Title 18 U.S.C. §3561 *et seq.* and Rule 32.1 of the *Federal Rules of Criminal Procedure* and may reconsider the Magistrate Judge's Report and Recommendation, including making a *de novo* determination of any portion of the Report or specified proposed findings or recommendation upon which he may reconsider.

**WHEREFORE,** the U.S. Magistrate Judge **RECOMMENDS** the Court adopt the above Report and Recommendation revoking Mr. Bradford's supervised release.

**IT IS SO RECOMMENDED** this 20th day of August, 2013.

_____
Michael Naville
United States Magistrate Judge
Southern District of Indiana

Distribution:

All counsel of record via CM/ECF

U. S. Probation

U. S. Marshal